**ALAMEDA INV. CO. et al. v. McLAUGHLIN, Collector of Internal Revenue.**

District Court, N. D. California. May 7, 1928.

No. 17765.

82

L. Dana Latham, of Los Angeles, Cal., and Thornton Wilson, of Oakland, Cal., for plaintiff.

George J. Hatfield, U. S. Atty., and C. M. Carpenter, Asst. U. S. Atty., both of San Francisco, Cal., for defendant.

BOURQUIN, District Judge. Three corporations (Alameda, Hawley, Pacific) sue the defendant collector to recover income taxes paid by Alameda for the year 1922. Each of them made return, but only Alameda was subject to and paid taxes. In 1924, they joined in an application for refund, on the ground that they were affiliated and entitled to make consolidated return upon which no taxes would have been due, which application was denied. No objection to parties has been made.

Revenue Act 1921, § 240 (Comp. St. § 6336⅛ss), provides that corporations which are affiliated, within its meaning, may make separate or consolidated returns for 1922 and thereafter, whichever method elected to be continued, unless the Commissioner permits otherwise, and that "corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others; or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests."

The object of the statute is taxation in proportion to net income, equality between taxpayers, and to that end to look through the corporate entities to ascertain the real taxpayer, and, if the latter substantially owns or controls several corporate enterprises, to tax him only upon the net income he receives from all. With this object in mind, it seems clear that the control contemplated by the statute is not mere authority, but is beneficial interest, an interest in the taxpayer which would subject him to taxes and payment, and the burden of which would be lessened by consolidated returns. The benefit of the statute extends to him on whom is the hazard of the several enterprises. There is none such here.

These are "family corporations," wherein all the Hawley stock was owned by the Hawley family, and the Hawley corporation owned all the Pacific stock and 75 per cent. of the Alameda stock. The remaining 25 per cent. of Alameda was owned by the Meek corporation, and Stuart Hawley, president of the plaintiffs, managed the Meek by power of attorney from most of its stockholders.

It is clear that 75 per cent. of Alameda stock is not "substantially all," within the statute or otherwise. And managerial authority of Meek, by the president of plaintiffs, confers upon plaintiffs no beneficial interest in the other 25 per cent. of Alameda stock, nor hazard; no liability in respect to taxes affecting its owner. Hence, was not that "control" of said 25 per cent. of Alameda which the statute contemplated, nor within the statute were plaintiffs affiliated. If this be not correct, then several corporations, without mutuality of interest, save a common agent or manager, could claim the benefit of the statute.

In 1922 the corporations plaintiff elected to make separate returns, and have no right to recover taxes paid on that basis. It may be that in 1924 the Commissioner could have permitted amendment to consolidate the 1922 returns. If so, the power is discretionary only. He did not exercise it, the taxes were not "erroneously or illegally assessed or collected," and the court has no authority to in effect do what the Commissioner refused to do. Moreover, in assessment, collection, and payment into the public treasury, the defendant collector was wholly without fault. It follows that he cannot be subjected to the personal judgment to reimburse plaintiffs for their failure in tactics, which is sought in this action. The principle of Smietanka's Case, 257 U. S. 1, 42 S. Ct. 1, 66 L. Ed. 99, forbids, as does the general law, agents, representatives, officers, and like cases. See, also, Fox v. Edwards (C. C. A.) 287 F. 669, 34 A. L. R. 973. That paragraph 1318 of said Revenue Act of 1921 (26 USCA § 156; Comp. St. § 5949) permits recovery of taxes "erroneously or illegally assessed or collected," regardless of protest,

does not serve to impliedly repeal these just principles, even if Congress has power to thus mulct an innocent collector for a taxpayer's default.

Judgment accordingly. The defendant may present brief findings of ultimate facts in issue.