**MONTANA MERCANTILE CO. et al. v. RASMUSSON, Collector of Internal Revenue.**

District Court, D. Montana.   June 22, 1928.
No. 451.

J. A. Poore, of Butte, Mont., and T. E. Gilbert and T. F. McFadden, both of Dillon, Mont., for plaintiffs.

Wellington D. Rankin, U. S. Atty., of Helena, Mont., for defendant.

BOURQUIN, District Judge.   The corporations plaintiffs sue to recover income taxes by the Montana paid for 1918–1921, both inclusive, upon the ground that, although for said years they voluntarily filed separate returns, they were in fact affiliated and entitled to make consolidated returns, which, had they done, would have lessened said taxes in amount $4,391.94.

It appears that the Montana was of 100 shares, all issued.   During the years involved it and six of its nine shareholders, owning 70 per cent. of its stock, owned 49 per cent., 58 per cent., of the issued stock of the Western.   Thus 33⅓ per cent. of the Montana's shareholders, owning 30 per cent. of its stock, owned none of the Western stock, and 51 per cent., 42 per cent., of the latter's stock was owned by persons owning none of the Montana's stock.

It is very clear that the Montana did not own substantially all the stock of the Western, and that the same interests did not own substantially all the stock of both corporations.   But it is by plaintiffs contended that various shares of the Western stock, not owned by the Montana shareholders, were owned by relatives and friends of the former, and that the Montana management "dictated" the policy of the Western.  Even so, this is not the "control" contemplated by section 240 of the Revenue Acts (1918, 40 Stat. 1081; 1921, 42 Stat. 260), by virtue of which the corporations are "affiliated" within the statutes, and entitled to consolidated income tax returns with corresponding advantages in lessened taxes.

The control by the statutes contemplated is that which gives rise to beneficial interest, and not mere exercise of authority, whether legal or illegal, granted or seized, not that permitted by reason of friendliness or relationship (of "their sisters and their cousins and their aunts"), or the activity or neglect and violation of duty of the boards of directors.   Moreover, the object of the statute is taxes proportionate to income and equality between taxpayers, to accomplish which the actual or ultimate taxpayer is ascertained by looking quite through the corporate entities.   And in the course thereof, if it be found that the gains and losses of several corporations accrue to or fall upon substantially the same shareholders, taxpayers, the accounts of the corporations are balanced between themselves, to ascertain the actual gains to the common owners and upon which they should pay taxes.

In brief, the benefits of the statutes extend to those subject to the hazards of the enterprise, and only when they are substantially one and the same.

This is not the present case.   If Montana lost a million, and Western gained a million,

it would be unjust to acquit the 50 per cent. Western shareholders, without interest in Montana, of taxes on Western profits, because of Montana losses, which fall not upon them. Yet that is the principle for which plaintiffs contend. It has no basis in the statutes.

Judgment for defendant.