ICE SERVICE CO., Inc., et al. v. COMMIS-
SIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Second Circuit.
Jan. 7, 1929.

No. 98.

Greenbaum, Wolff & Ernst, of New York
City (Morris L. Ernst and Samuel J. Schur,
both of New York City, of counsel), for pe-
titioners.

Mabel Walker Willebrandt, Asst. Atty.
Gen., Sewall Key and Edwin G. Davis, Sp.
Asst. Attys. Gen. (C. M. Charest, Gen. Coun-
sel, Bureau of Internal Revenue, and Thos.
P. Dudley, Jr., Sp. Atty., Bureau of Internal
Revenue, both of Washington, D. C., of
counsel), for respondent.

Before MANTON, L. HAND, and
SWAN, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above). The Revenue Act of 1921, subdivision (a) of section 240 (42 Stat. 260), makes consolidated returns of affiliated corporations optional with the taxpayer after January 1, 1922. Subdivision (e) of the section provides that, for any taxable year beginning prior to January 1, 1922, affiliated corporations are required to make a consolidated return in the manner prescribed by the Revenue Act of 1918 (40 Stat. 1081). The definition of what is meant by affiliation is identical in both acts and reads as follows:

"For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests."

Under the Stock Corporation Law of New York (Consol. Laws, c. 59, § 20) two-thirds of the shareholders of a domestic corporation completely control the corporate enterprise and may even cause the termination of the business and the voluntary dissolution of the corporation. Hence, it is argued by the appellants, ownership of two-thirds of the voting stock of National Ice & Coal Company is ownership or control of "substantially all the stock."

Ignoring the fact that the National Company's stock was acquired by Ice Service Company after January 1, 1921, we hold that the construction contended for by appellants is not permissible. To say that 68 per cent. of the stock is substantially all the stock would not only pervert the statutory language, but would defeat the purpose of the enactment. Congress has declared that two corporations shall be treated as one for tax purposes, when one corporation owns or controls substantially all the stock of the other, or when substantially all the stock is owned or controlled by the same interests. Judicial interpretation may perhaps limit the statutory language to voting stock, as was held in Re Temtor Corn, etc., Products Co. (D. C.) 299 F. 326, affirmed sub. nom. Schlafly v. United States, 4 F.(2d) 195 (C. C. A. 8); but we are not to confuse control of the corporation with control of the stock. The test is not declared to be control of the business or the policies of the subsidiary corporation, but substantial identity of interest in the enterprise. The theory of affiliation, resulting in a consolidated return for taxes, is that the income and invested capital are really the income and capital of a single enterprise, though carried on through the instrumentality of several corporations. See article 631, Treasury Regulations (1920 Ed.); Holmes, Fed. Taxes (6th Ed.) 281; Alameda Inv. Co. v. McLaughlin, 28 F.(2d) 81 (D. C. N. D. Cal.). Only when the outside interest—that is, the interest of the minority—is so small as to be practically negligible, are the two corporations to be treated as in receipt of a single income, requiring a consolidated return.

What constitutes a negligible minority we need not now attempt to state in terms of percentage. By article 633 of Regulations 45, 1920 Edition, it was provided that ownership or control of 95 per cent. of the outstanding voting capital stock of the subsidiary corporation should constitute an affiliation within the statute, although a consolidated return might be required when the ownership was less than 95 per cent. The Revenue Act of 1924, by section 240, prescribed ownership of 95 per cent. of the voting stock as essential for affiliation (43 Stat. 288 [26 USCA § 993]), and this same percentage of ownership is required by the Revenue Act of 1926 (44 Stat. 46 [26 USCA § 993]) and the Revenue Act of 1928 (45 Stat. 831 [26 USCA § 2141]). Whether so great a percentage was necessary under the 1918 and 1921 acts to constitute ownership or control of "substantially all the stock" we find it unnecessary to determine. In any event, we think it clear that a minority of 32 per cent., comprising some 200 owners of National stock, who had no interest in the Ice Service Company, precludes that substantial identity of interest which the statute requires before the income of both corporations shall be treated as a single income for taxation.

This view accords with numerous rulings of the Board of Tax Appeals, which are cited in the opinion below, and with the only court decisions which have been brought to our attention. Alameda Inv. Co. v. McLaughlin, supra; Montana Mercantile Co. v. Rasmusson, 28 F.(2d) 916 (D. C. Mont.).

The judgment is affirmed.