# REMINGTON RAND, Inc., v. COMMISSION-ER OF INTERNAL REVENUE.

## COMMISSIONER OF INTERNAL REVENUE v. REMINGTON RAND, Inc.

Circuit Court of Appeals, Second Circuit.
June 3, 1929.

Nos. 284, 285.

Cravath, De Gersdorff, Swaine & Wood, of New York City (Hoyt A. Moore, Frederick H. Wood, and Joseph C. White, all of New York City, of counsel), for taxpayer.

Mabel Walker Willebrandt, Asst. Atty. Gen., and Sewall Key and Andrew D. Sharpe, Sp. Asst. Attys. Gen. (C. M. Charest, Gen. Counsel, E. C. Alvord, and P. S. Crewe, Sp. Atty., Bureau of Internal Revenue, all of Washington, D. C., of counsel), for Commissioner.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above). ▮ It is unnecessary to demonstrate by specific reference to the provisions of the Revenue Act of 1918 (40 Stat. 1057) that generally gains from sales made within the tax year must be included in taxable income and that losses on sales may be deducted from gross income. If an individual taxpayer had purchased the stock of this subsidiary company for $45,000 in 1917 and had sold it in 1920 for $60,000, he would have derived a taxable gain of $15,000 in the latter year, and the fact that during his period of ownership the corporation had accumulated net profits, which were reinvested in its business, would play no part in determining whether gain or loss resulted from the sale. The same rule would apply to a corporate owner of shares of stock in a nonaffiliated corporation. Appeal of Farmers' Deposit Nat. Bank, 5 B. T. A. 520, 522; Hays v. Gauley Mt. Coal Co., 247 U. S. 189, 38 S.Ct. 470, 62 L. Ed. 1061. In the instant case, however, the Board of Tax Appeals held that neither gain nor loss resulted from the sale, because the corporate owner of the stock and the corporation which issued it were affiliated within the meaning of section 240 of the Revenue Act. Its opinion follows Baker-Vawter Co. v. Commissioner of Internal Revenue, 7 B. T. A. 594, where it was said, at page 598:

"We have held in Farmers' Deposit National Bank, 5 B. T. A. 520, that a sale by one member of an affiliated group of shares of capital stock owned by it in another member of the group is a sale by the affiliated group of its own capital stock and that such sale constitutes a capital transaction which does not result in either a taxable gain or a deductible loss."

The principle thus announced is challenged by both petitioners and presents the first question for our decision.

▮ The theory and purposes of affiliation have been explained in the Treasury Regulations (Regulation 45, art. 631) and have recently been commented upon by this court. Ice Service Co. v. Commissioner, 30 F.(2d) 230; Commissioner of Internal Revenue v. Adolph Hirsch & Co., 30 F.(2d) 645. We cannot find in the letter of section 240, nor in the theory which underlies this legislation, anything which requires that gains or losses be disregarded when stock is sold to outsiders by a corporate owner affiliated with the corporation which issued the stock. Such a sale terminates the affiliation which had resulted from its purchase. Both the purchase and the sale took place outside the period of affiliation, and were made by the seller for its

own account, not for the account of the affiliated group—as much so, we think, as if the parent company had purchased Blackacre before the affiliation began and had sold it after the affiliation ceased. We cannot agree that the transaction was the same as the purchase and sale by a corporation of its own shares, even if it be conceded that dealings by a corporation in its own shares give rise to neither taxable profit nor deductible loss, as was held in Appeal of Simmons & Hammond Mfg. Co., 1 B. T. A. 803. In deciding the Baker-Vawter Case the board relied upon its prior decisions in Appeal of Farmers' Deposit Nat. Bank, supra, and Appeal of H. S. Crocker Co., 5 B. T. A. 537. In each of these cases it was assumed that the sale did not disturb the existing affiliation during the tax year under consideration. In Utica Knitting Co. v. United States (reported in U. S. Daily, May 29, 1929), the Court of Claims interpreted these cases as holding that the Commissioner could not tax as income the gain on intercompany transactions. Whatever may be the rule where affiliation continues after the sale, under the facts of the instant case we think the board erred in ruling that neither taxable gain nor deductible loss resulted to the parent company from the sale of the stock.

▮ Concededly a gain of $15,000 was realized, unless the parent company may take into account as additional cost of the stock the subsidiary's accumulated earnings of $28,-454.35. It is argued that the parent company could have had its subsidiary declare its net profits as dividends, without subjecting the parent company to any tax, by reason of section 234 (a) (6), Revenue Act of 1918, and that it could then have invested such dividends in the business of the subsidiary, in which event they would be treated as an addition to the price paid for the stock. Regulation 45, art. 543. In other words, we are urged to hold that the accumulation of earnings by the subsidiary was a constructive receipt of dividends and reinvestment of them by the parent company. But the same argument could be made with equal force in respect to an individual or corporate owner of stock sufficient in amount to control the board of directors of the subsidiary, yet insufficient to result in affiliation. Tax liabilities must be determined by what in fact was done. See United States v. Phellis, 257 U. S. 156, 172, 42 S. Ct. 63, 66 L. Ed. 180. The fact is that no declaration of dividends and no reinvestment of them has occurred in either case, and it would seem unreasonable to accept the theory of constructive receipt and

investment in the one case, but not in the other. Where affiliation is absent, no one doubts that the theory would be rejected; to accept it would contradict the theory of Eisner v. Macomber, 252 U. S. 189, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570.

Again, it is urged that a failure to treat the accumulated earnings as an addition to the cost of the stock will produce the inequitable result of double taxation, because the earnings have already been taxed as income of the affiliated group. But double taxation of this character will exist, though there be no affiliation between the owner of the stock and the corporation which issued it, and is, as pointed out in Hellmich v. Hellman, 276 U. S. 233, 237, 48 S. Ct. 244, 72 L. Ed. 544, 56 A. L. R. 379, the ordinary incident of a profitable sale of stock. We hold, therefore, that the sale resulted in taxable gain of $15,000.

The order of the board was not detrimental to the taxpayer, and its petition for review is dismissed. Upon the Commissioner's petition, the order is reversed, and the cause remanded for assessment of a tax in conformity with the views herein expressed.