## GOLDSTEIN BROS. AMUSEMENT CO. v. WHITE, Collector.

District Court, D. Massachusetts. July 15, 1929.

No. 3143.

Ralph E. Tibbetts, of Boston, Mass., for plaintiff.

Frederick H. Tarr, U. S. Atty., and J. Duke Smith, Sp. Asst. to the U. S. Atty., both of Boston, Mass., for defendant.

MORTON, District Judge. This is an action at law to recover income and profits taxes alleged to have been illegally assessed and collected. It is submitted on the pleadings and a statement of agreed facts. The question is whether the plaintiff was affiliated during the tax years 1919 and 1920 with the Natsam Features Company and the Victory Theatre Company, so that the three corporations were entitled to make a consolidated return.

Nathan E. Goldstein and Samuel Goldstein, two brothers, owned 994 shares out of 1,000 in the plaintiff company. In the Natsam Company they owned 60 shares out of 100; the other 40 shares were owned by persons who stood in close personal or business relations with them. In the Victory Company all the stock was owned by the Goldsteins during the year 1919 and up to September 15, 1920; the government concedes affiliation with the plaintiff up to that date. At that time stock was sold to the public; and thereafter to the end of the year the Goldsteins owned 68 or 70 per cent. of the total stock.

The Goldsteins were managers of theatrical enterprises. The corporations here concerned were part of their general business organization, and were operated and controlled by them. They made no charge for clerical or management services against either the Natsam Company or the Victory Company, and advanced money to them from time to time without interest. They indorsed notes of the Victory Company to a substantial amount. All parties interested in these corporations had confidence in the Goldsteins, and left the management entirely in their hands.

The question depends on the Revenue Act of 1918, § 240(b), 40 Stat. 1082. Under this statute affiliation exists, "(1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests."

The amusement company as a corporation had no stock interest or control in these other companies. The plaintiff's contention is that substantially all the stock of the Amusement Company, the Natsam Company, and the Victory Company was owned or controlled by the same interests. The "interests" referred to are the Goldstein Brothers and stockholders associated with them. The regulations provide that "the words 'the same interests' shall be deemed to mean the same individual or partnership or the same individuals or partnerships, but when the stock of two or more corporations is owned or controlled by two or more individuals or by two or more partnerships a consolidated return is not required unless the percentage of stock held by each individual or each partnership is substantially the same in each of the affiliated corporations." Article 633, Regulations 45. Applying this test to the Natsam Company, the Goldstein Brothers did not own more than 60 per cent. of its stock and the other stockholders owned no stock (practically speaking) in the amusement company. In the Victory Company, after September 15, 1920, the Goldsteins owned directly or through the amusement company 68 or 70

per cent. of the stock; the other 30 or 32 per cent. of the stockholders had no interest in the amusement company. Evidentially the same interests, as defined by the regulations, did not own substantially all the stock of both corporations, in the case either of the Natsam Company and the plaintiff, or of the Victory Company and the plaintiff. As to what is meant by "control" of stock under this statute there has been a difference of judicial opinion. In the Great Lakes Hotel Co. v. Commissioner, 30 F.(2d) 1 (C. C. A. 7th), the test is thus stated: "They [the corporation] were guided in their action by a common interest and their common object was attained by all corporations pursuing the same methods through the same agencies. In addition to owning more than one-half of the stock, these 'closely affiliated interests' controlled other stock." Evans, J. (C. C. A.) 30 F.(2d) 4. The relations between the Goldsteins and the minority stockholders in the Natsam Company and the Victory Company were of such character that under the principle of this decision the companies were in my opinion affiliated.

In the Second circuit the statute has been differently interpreted. "The test is not declared to be control of the business or the policies of the subsidiary corporation, but substantial identity of interest in the enterprise. The theory of affiliation, resulting in a consolidated return for taxes, is that the income and invested capital are really the income and capital of a single enterprise, though carried on through the instrumentality of several corporations. [Citing authorities.] Only when the outside interest—that is, the interest of the minority—is so small as to be practically negligible, are the two corporations to be treated as in receipt of a single income, requiring a consolidated return." Swan, J. Ice Service Co. v. Commissioner of Internal Revenue, 30 F.(2d) 230, 231. "The management of the business of the corporation is not the control required by the statute. It refers to stock control. The fact that the minority is acquiescent, and permits the majority to manage the business, does not prove actual control over the minority interest. Nor does a control based upon friendship or professional relations satisfy the statute. The control of the stock owned by the same interest refers to beneficial interest." Manton, J., Com'r v. Hirsch & Co. (C. C. A.) 30 F.(2d) 646.

In my opinion, the Ice Service Company and the Hirsch Cases represent the correct view of the statute. If so, there was clearly no affiliation between the plaintiff and the Natsam Company for either of the years in question, nor between the plaintiff and the Victory Company for the period from September 15, 1920, to December 31, 1920. There was affiliation between the plaintiff and the Victory Company through the year 1919 and during the year 1920 to September 15th.

Judgment accordingly.