### UNITED PUBLISHERS' CORPORATION v. ANDERSON, Collector of Internal Revenue.

District Court, S. D. New York.
July 7, 1930.

Charles C. Pearce, of New York City (Frederick Schwertner, of Washington, D. C., of counsel), for plaintiff.

Charles H. Tuttle, of New York City (Walter H. Schulman, of New York City, of counsel), for defendant.

PATTERSON, District Judge.

This is an action to recover the sum of $20,136.49, arising out of income tax for the fiscal year ending April 30, 1923. Most of the facts have been stipulated. It was also

stipulated that the case be tried by a jury of one, and both sides have moved for a directed verdict.

In the period 1917–1921 the plaintiff acquired the entire capital stock of Journal of Commerce Company at an aggregate price of $180,226.50. During the year ending April 30, 1922, it advanced to this subsidiary $80,865.35. In May, 1922, it sold its entire holdings in the subsidiary to outside interests. The consideration received was $100,000, but as part of the bargain the plaintiff canceled and released the $80,865.35 debt owed by the subsidiary. In substance and effect, therefore, the net amount received on the sale of the shares was only $19,134.65.

It further appears that during the years ending April 30, 1919, to April 30, 1922, inclusive, the plaintiff filed consolidated income tax returns wherein were included the operations of this subsidiary. The total losses of the subsidiary for these four years had been $176,471.78, and this sum had been deducted from the plaintiff's gross income for these years.

In principle this case cannot be distinguished from Remington Rand, Inc., v. Commissioner of Internal Revenue (C. C. A.) 33 F.(2d) 77, certiorari denied in 280 U. S. 591, 50 S. Ct. 39, 74 L. Ed. 639. It was there held that where a parent corporation sold its stockholdings in a subsidiary, the excess of the selling price over the cost of the stock was taxable as a profit realized by the parent. The fact that the parent had for several years filed consolidated returns was held immaterial, as was also the fact that the subsidiary had accumulated earnings during these years, which earnings had been included in the consolidated earnings and thus taxed. The government's contention was upheld in both respects. Here we have the exact converse. Here the sale of the stock was at a loss, and the operations of the subsidiary had been conducted at a loss over the years when consolidated returns were filed. The taxpayer is therefore warranted in insisting: First, that upon the sale of the Journal of Commerce stock it suffered a loss of $161,091.85, to the same effect as upon the sale of any other property; and, second, that the fact that the Journal of Commerce Company's operating losses had been taken advantage of by the plaintiff in its payment of taxes on the consolidated basis is of no consequence.

A verdict will therefore be directed in favor of the plaintiff for the sum of $20,136.49, with interest on $4,490.70 from March 30, 1928, on $3,929.37 from April 14, 1924, and on $11,716.42 from March 24, 1924.