## NATIONAL SLAG CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4370.

Circuit Court of Appeals, Third Circuit.
March 3, 1931.

Alfred S. Weill, of Philadelphia, Pa. (Albert S. Lisenby, of Washington, D. C., and Weill, Blakely & Nesbit, of Philadelphia, Pa., of counsel), for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Norman D. Keller, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Percy S. Crewe, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before DAVIS, Circuit Judge, and THOMSON and WATSON, District Judges.

DAVIS, Circuit Judge.

This is an appeal from a decision of the United States Board of Tax Appeals which disallowed a deduction of losses sustained by the Quakertown & Bethlehem Railroad Company in 1922 and 1923 in an affiliated return of that company and the National Slag Company for the year 1924.

There is no question but that the companies were affiliated in 1924 within the meaning of section 240 (c) of the Revenue Act of 1924, 26 USCA § 993 note, for John M. Buckland owned at least 95 per centum of the voting stock of the two corporations, and so had the right to file an affiliated return. In fact, he owned 9,998 shares out of 10,000 of the capital stock of the National Slag Company which was incorporated January 1, 1924, and 3,296 of the 3,300 shares of the capital stock of the Quakertown & Bethlehem Railroad Company.

In 1922 the railroad company sustained a net loss of $14,809.16; in 1923, a net loss of $24,831.96; and in 1924, a net loss of $60,547.05. In filing an affiliated return for 1924 for the two companies, the railroad company and the slag company, these losses for the three years of the railroad company were deducted from the net income of the slag company and this resulted in a net income on the affiliated return for 1924 of $15,928.85. In auditing the return, the commissioner allowed the deduction of the loss for 1924, but disallowed the deductions of the losses by the railroad company for the years 1922 and 1923 on the ground that "such losses may not be used to reduce consolidated net income for the year 1924 since the Quakertown and Bethlehem Company had no net income in 1924 to absorb the losses of 1922 and 1923." This action on the part of the commissioner resulted in an affiliated net income of the two companies for 1924 of $55,579.97 instead of $15,928.85 as the petitioner claimed in his return. The single question here is whether the net losses sustained by the railroad company in 1922 and 1923 are allowable as deductions in computing the net income on the affiliated return of the companies for 1924; or to put the concrete question in general terms, it is, whether corporations affiliated for the year 1924, but not affiliated prior thereto, may add the loss of a member of the group, sustained in 1922 and 1923 to the loss of the same member sustained in the year 1924 in determining the loss of such member that may be deducted from the gross income of the group for the taxable year, 1924.

The Tax Board sustained the commissioner and disallowed these losses, but in the case of Alabama By-Products Corporation et al., 18 B. T. A. 919, which was decided after the decision in this case had been filed, the board reversed its holding in this case and said:

"In National Slag Co., 16 B. T. A. 1310, we held that the conclusions reached in our original decision in this proceeding were equally applicable to that case, notwithstanding the Slag Co. Case arose under the Revenue Act of 1924. The 1924 Act contains materially different provisions from those of the 1921 Act with respect to the treatment of net losses, in that the 1924 Act provides that a net loss shall be allowed 'as a deduction in computing the net income of the taxpayer' for the succeeding taxable year, whereas the corresponding provision of the 1921 Act requires that a net loss shall in the first instance be allowed as a deduction from net income.

"Upon reconsideration, it is our opinion that the decision in National Slag Co., supra, is erroneous. It is therefore reversed, and will not be followed in the future."

Section 206 (b) of the Revenue Act of 1924 (26 USCA § 937 (b) provides that if for any taxable year a taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year (called the "second year"), and if such net loss is in excess of such net income (computed without such deduction) the amount of such excess shall be allowed as a deduction in computing the net income for the *next succeeding* taxable year (called the "third year"). Subdivision (e) of section 206 of the act (26 USCA § 937 note) provides that if for the taxable year 1922 a taxpayer sustained a net loss in excess of his net income for the taxable year 1923 (such net loss and net income being computed under the Revenue Act of 1921 [42 Stat. 227]), the amount of such excess shall be allowed as a deduction in computing net income for the taxable year 1924 in accordance with the method provided in subdivisions (b) and (c) of section 206, 26 USCA § 937 (b) and (c).

Subdivision (f), § 206 (26 USCA § 937 note), provides that if for the taxable year 1923 the taxpayer sustained a net loss within the provisions of the Revenue Act of 1921, the amount of such net loss shall be allowed as a deduction in computing net income for the two succeeding taxable years to the same extent and in the same manner as a net loss sustained for one taxable year is, under this act, allowed as a deduction for the two succeeding taxable years.

These sections make it perfectly plain that if the taxpayer in the case at bar had been an individual, he would have had the right to deduct the losses for 1922 and 1923 from his 1924 tax return. Does a consolidated return make any difference in view of the fact that one member of the group did not have any net income in 1924 to absorb the losses for 1922 and 1923? The answer depends upon the nature of a consolidated return for affiliated companies. The statute does not intimate that its provisions are inapplicable to affiliated corporations. In view of the fact that Buckland owned both companies before and after incorporation of the slag company, it seems on principle that the provisions of section 206 should apply to the consolidated return of these affiliated companies. The return of these companies should be treated as an economic unit, and not as separable into various component parts, or individual returns. In the case of Ice Service Co. v. Commissioner, 30 F.(2d) 230, 231, the Circuit Court of Appeals for the Second Circuit said that the income and invested capital of an affiliated group "are really the income and capital of a single enterprise, though carried on through the instrumentality of several corporations." Section 240 (b) of the Revenue Act of 1924 (26 USCA § 993(b) provides that, "in any case in which a tax is assessed upon the basis of a consolidated return, the total tax shall be computed in the first instance as a unit and shall then be assessed upon the respective affiliated corporations in such proportions as may be agreed upon among them." Consolidated returns were similarly treated by us in the case of Flannery & Company v. Commissioner (C. C. A.) 42 F.(2d) 11. That one of these instrumentalities forming one of the component parts in the consolidated return was not incorporated until after the losses sought to be deducted were sustained, does not make the provisions on principle inapplicable to the return, for it was in fact the same instrumentality, but acting in 1924 through corporate forms. An almost identical situation was presented in the case of Appeal of Buckie Printers' Ink Co., 19 B. T. A. 943, and the Board in that case sustained the contention which the petitioner makes here. The deductions of the losses here in question, sustained in 1922 and 1923, come directly within the provisions of the statute which are plain, certain, and unambiguous. Accordingly the redetermination of the board is reversed, thus making this opinion harmonize with the later decisions of the Board, and the return of the petitioner is approved.