## COMMISSIONER OF INTERNAL REVENUE v. GONG BELL MFG. CO.

### No. 141.

Circuit Court of Appeals, Second Circuit.

March 9, 1931.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key, and John MacC. Hudson, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Percy S. Crewe, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

Mark Eisner and Ferdinand Tannenbaum, both of New York City, for respondent.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The decision on this petition depends solely upon whether the respondent was affiliated, under section 240 (c) of the Revenue Act of 1921, c. 136, 42 Stat. 227, 260, during the calendar year 1921, with Bevin Bros. Manufacturing Company, East Hampton Bell Company, and Bevin Wilcox Line Company. The respondent is a corporation engaged in the manufacture of toys and bells. Bevin Bros. Manufacturing Company is a corporation engaged in the manufacture of bells. East Hampton Bell Company is a corporation which manufactures bells and trolley wheels. Bevin Wilcox Line Company is a corporation manufacturing fishline. Each of these corporations has its principal place of business at East Hampton, Conn. The peti-

tioner determined the income and profits taxes for 1921 of all of them, but the respondent, upon the basis of a consolidated return for affiliated corporations. The Board of Tax Appeals held the respondent to be affiliated with the others, entitled to be taxed on a consolidated return with them, and redetermined the taxes accordingly.

Bevin Bros. Manufacturing Company owned all of the capital stock of both the East Hampton Bell Company and the Bevin Wilcox Line Company. The stock in Bevin Bros. Manufacturing Company was owned by five stockholders, as follows: Chauncey G. Bevin, 54.86 per cent.; Mayo S. Purple, 7.70 per cent.; A. Avery Bevin, 33.78 per cent.; Stanley Bevin 1.83 per cent.; Marshall Bevin, 1.83 per cent. The stock of the respondent was owned by six stockholders as follows: Chauncey G. Bevin, 17.5 per cent.; Mayo S. Purple, 25.0 per cent.; Alice C. Bevin, 7.5 per cent.; Grace C. Bevin, 10.0 per cent.; J. H. Conklin, 28.0 per cent.; C. M. Watrous, 12.0 per cent. Thus it is seen that these two corporations had only two stockholders in common, Chauncey G. Bevin and Mayo S. Purple, who together owned 62.58 per cent. of the stock of Bevin Bros. Manufacturing Company and 42.5 per cent. of the stock of the respondent.

It appeared that Chauncey G. Bevin dominated all four corporations with the entire acquiescence and approval of all the other stockholders. He managed the entire business of each corporation as if it were his own, and nothing he did was ever questioned. In this way he had control of the four corporations based upon stockholders' acquiescence, friendship, and kinship, and, if that is the kind of control meant by section 240 (c) of the Revenue Act of 1921 (42 Stat. 260), the decision of the Board is correct.

■ As we recently pointed out at some length in Handy & Harman v. Commissioner, 47 F.(2d) 184, there is a difference of opinion as to this question. It will serve no good purpose in advance of decision by controlling authority to discuss it anew now. We have adopted the view that the kind of control necessary for affiliation under section 240 (c) is the legally enforceable right to control the requisite amount of stock. Handy & Harman v. Commissioner, supra; Commissioner v. Adolph Hirsch & Co. (C. C. A.) 30 F.(2d) 645; Ice Service Co. v. Commissioner (C. C. A.) 30 F.(2d) 230.

■ Neither C. G. Bevin alone or with M. S. Purple, the only other person who owned any stock in both corporations, had enough stock in either corporation to control it by virtue of any legally enforceable right to control the stock. Neither is shown to have had such right to control any stock not standing in his own name. Therefore, it makes no difference whether Bevin and Purple or Bevin alone be taken to be the same interest. In neither event could that interest control both corporations except at the sufferance of the other stockholders.

The order is reversed, with directions to assess the tax in accordance with this opinion.