J. P. BURTON COAL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 44014. Promulgated November 30, 1931.

*L. F. Loux, Esq.*, and *Henry Ravenel, Esq.*, for the petitioner.
*J. M. Leinenkugel, Esq.*, for the respondent.

**OPINION.**

Matthews: The petitioner in the instant proceeding is claiming that it was affiliated with the By-Products Coal Company for the entire fiscal year ended March 31, 1925, and that it is entitled to file a consolidated return for that period.

Section 240 (c) of the Revenue Act of 1926 provides:

\*          \*          \*          \*          \*          \*          \*

(c) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns at least 95 per centum of the voting stock of the other or others, or (2) if at least 95 per centum of the voting stock of two or more corporations is owned by the same interests. This subdivision shall be applicable to the determination of affiliation for the taxable year 1925.

We are concerned in this case only with the second subdivision of the above section. The petitioner contends that since the two cor-

porations were operated as an economic unit, with Burton controlling both businesses, and that since Jones did not actually vote his stock or take any active interest in the business, the two corporations are affiliated, regardless of the fact that Burton, who owned all of the stock of the petitioner, did not own but 75 per cent of the stock of the By-Products Coal Company.

The evidence in this proceeding does not show that Burton and Jones constituted the "same interests." Jones did not own any stock in the petitioner and his interest in the By-Products Coal Company was not the same as that of Burton. The mere fact that Jones acquiesced in the management and did not vote his stock and that Burton determined the policies of the business does not entitle the corporations to file consolidated returns. See *United States* v. *Cleveland, Painesville & Eastern R. R. Co.*, 42 Fed. (2d) 413, and *United States* v. *Mahoning Coal R. R. Co.*, 51 Fed. (2d) 208. We must, therefore, sustain the action of the respondent in refusing to allow the petitioner and the By-Products Coal Company to file consolidated returns and in refusing to allow the petitioner to deduct the loss sustained by the By-Products Coal Company from its net income.

We do not believe that the cases of *Baker Lumber Co.*, 21 B. T. A. 124, and *Kile & Morgan Co.* v. *Commissioner*, 41 Fed. (2d) 925, relied upon by the petitioner are controlling in this proceeding. In the *Kile* case two individuals, Kile and Alling, owned 99 per cent of the stock of one corporation and 1,656 shares out of 1,810 of another (91½ per cent). Of the remaining, 17 were owned by Kile's sister, Mrs. Boston, and 137 by her husband, an employee who was heavily indebted to the corporation and under an agreement not to sell his stock without first offering it to the trustees. In the *Baker* case, Baker owned all of the stock of one corporation, from 76 to 86 per cent of another and 92 per cent of another, the remaining stock being owned by Swenson, Ludden and Curtis. Curtis was Baker's brother-in-law and had purchased the stock at 50 per cent of its face value, in order to act as director. Swenson and Ludden were employees and purchased their stock under an agreement whereby no sale or transfer could be made without Baker's consent. It was shown that the interests of these three in no way conflicted with that of Baker.

It is clear from a study of the above cases that affiliation was granted upon the theory that the minority stockholders constituted the "same interests" as the majority, and as we have pointed out above such is not the situation here.

*Judgment will be entered for the respondent.*