THE MODERN TAILORING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40041. Promulgated February 9, 1932.

*W. E. Lewis, C. P. A.*, for the petitioner.
*O. W. Swecker, Esq.*, for the respondent.

OPINION.

SMITH: The petitioner's sole contention in this proceeding is that it is entitled to have its income tax for the calendar year 1926 computed upon the basis of a consolidated return filed by it and Farr's Clothes, Inc., for that period. The respondent has ruled that petitioner and Farr's Clothes, Inc., were not affiliated in 1926 within the meaning of section 240 (d) of the Revenue Act of 1926. The wording of this section of the statute referred to is as follows:

For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns at least 95 per centum of the stock of the other or others, or (2) if at least 95 per centum of the stock of two or more corporations is owned by the same interests. As used in this subdivision the term "stock" does not include nonvoting stock which is limited and preferred as to dividends. This subdivision shall be applicable to the determination of affiliation for the taxable year 1926 and each taxable year therafter.

Since the petitioner did not own any of the stock of Farr's Clothes, Inc., the question to be determined is whether at least 95 per cent of the voting stock of both companies was owned by the "same interests." The stipulated facts as to stock ownership in the companies are that the three individuals, William Schnurmacher, Howard Liebenthal, and Rose Liebenthal, who owned 99.6 per cent, all but four qualifying shares, of the voting stock of Farr's Clothes, Inc., owned only 91.6 per cent of the petitioner's voting stock, and a fourth individual, Frank Cerney, owned 8 per cent of petitioner's voting stock and no stock in Farr's Clothes, Inc.

The petitioner urges, however, that in the circumstances of this case, its minority stockholder, Cerney, comprised the "same interests" with the majority stockholders. Unquestionably, there was a very close business relationship between them. Cerney was a salaried employee, as well as a stockolder of the petitioner. He had been employed by the petitioner and its predecessor for many years. He was also a director of the petitioner and was in complete harmony with the majority stockholders. He held his stock in the petitioner under an agreement which prohibited him from disposing of it without first offering it to the other stockholders at its book value. Notwithstanding these considerations, however, we can not agree that Cerney and the petitioner's other stockholders, who owned 99.6 per cent of the stock of Farr's Clothes, Inc., constituted the same interests within the meaning of the statute. The courts have construed the words "same interests" as meaning the same "beneficial interests." *Commissioner* v. *Hirsch & Co.*, 30 Fed. (2d) 645; *Handy*

*& Harmon* v. *Commissioner*, 284 U. S. 136.   In the latter case the Supreme Court said:

The purpose of Sec. 240 was, by means of consolidated returns, to require taxes to be levied according to the true net income and invested capital resulting from and employed in a single business enterprise even though it was conducted by means of more than one corporation. Subsection (b) clearly reflects the intention, by means of such returns, to secure substantial equality as between shareholders who ultimately bear the burden. That intention is shown by the legislative history and was given effect by the regulations contemporaneously promulgated. It requires no discussion to show that such returns will not make against inequality or evasion unless the same interests are the beneficial owners in like proportions of substantially all of the stock of each of such corporations. *Alameda Investment Co.* v. *McLaughlin*, 28 F. (2d) 81. *Montana Mercantile Co.* v. *Rasmusson*, 28 F. (2d) 916. *Commissioner* v. *Adolph Hirsch & Co.*, 30 F. (2d) 645, 646. *Commissioner of Internal Revenue* v. *City Button Works*, 49 F. (2d) 705. * * *

Cf. also *Commissioner* v. *Gong Bell Mfg. Co.*, 48 Fed. (2d) 205; certiorari denied, 284 U. S. 670.

Obviously, the conditions existing with respect to the ownership of the voting stock of the petitioner and Farr's Clothes, Inc., in 1926 do not meet the test laid down by the Supreme Court for affiliation. Cerney, not being a stockholder in Farr's Clothes, Inc., would neither have benefited by a gain nor shared a loss of that company. See also *East Jersey Lumber & Timber Co.*, 24 B. T. A. 1047; *J. P. Burton Coal Co.*, 24 B. T. A. 1052.

*Judgment will be entered for the respondent.*