COLUMBIA TIRE COMPANY, PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket Nos. 49622, 53313.   Promulgated June 15, 1932.

*Hugh F. Purvis, C. P. A.*, for the petitioner.
*J. Arthur Adams, Esq.*, for the respondent.

## OPINION.

TRAMMELL: The petitioner contends that the respondent erred in determining that it and F. W. & M. L. Bell, Inc., were not affiliated during 1926, 1927 and 1928. The respondent denies that he thus erred and contends that affiliation within the meaning of the revenue acts did not exist between the two corporations during those years.

Section 240 (d) of the Revenue Act of 1926, which is applicable to the years 1926 and 1927, provides as follows:

For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns at least 95 per centum of the stock of the other or others, or (2) if at least 95 per centum of the

stock of two or more corporations is owned by the same interests. As used in this subdivision the term "stock" does not include nonvoting stock which is limited and preferred as to dividends.

Section 142 (c) of the Revenue Act of 1928, which is applicable to the year 1928, is identical with the foregoing provisions of the Act of 1926 except for the immaterial change of "subsection" for "subdivision."

Since at no time during the years in controversy did either of the corporations own 95 per centum of the stock of the other, it is clear that provision (1) of the sections has no application. That leaves for consideration the question as to whether 95 per cent of the stock of the two corporations was owned by the same interests. The petitioner contends that it was and the respondent contends that it was not.

The stipulated facts are that during the three years here involved from 5.18 per cent to 12.79 per cent of the stock of the petitioner was owned by its employees who owned no stock in F. W. & M. L. Bell, Inc. All of this stock, with the exception of two shares which if eliminated would not reduce the percentage below 5.18, was issued to the petitioner's employees with the restrictions set out in our findings of fact. While these stockholding employees did not attend stockholders' meetings or vote their stock by proxy the restrictions under which such stock was issued to them in no wise contained any limitation on their right to do so. Although the restrictions applicable to the stock limited the maximum amount of dividends payable on it to 8 per cent, the stock had no preference over shares of stock held by others. In view of these facts, we do not think that the stock held by the petitioner's employees was nonvoting stock limited and preferred as to dividends and to be excluded in determining the amount on which the 95 per cent is to be computed. Since the stock of the petitioner's employees is to be considered in determining whether 95 per cent of the stock of the two corporations was owned by the same interests, we are confronted with the question as to whether the Bell family and the stockholding employees of the petitioner are to be considered as the same interests.

The petitioner insists that under the circumstances of this case its stockholder employees or minority stockholders comprised the same interests with the majority stockholders. In *Modern Tailoring Co.*, 25 B. T. A. 489, we had before us substantially the same question as that presented here. In determining what is meant by the term "same interests" as used in the statute we said:

The courts have construed the words "same interests" as meaning the same "beneficial interests." *Commissioner* v. *Hirsch & Co.*, 30 Fed. (2d) 645; *Handy & Harmon* v. *Commissioner*, 284 U. S. 136. In the latter case the Supreme Court said:

The purpose of Sec. 240 was, by means of consolidated returns, to require taxes to be levied according to the true net income and invested capital resulting from and employed in a single business enterprise even though it was conducted by means of more than one corporation. Subsection (b) clearly reflects the intention, by means of such returns, to secure substantial equality as between shareholders who ultimately bear the burden. That intention is shown by the legislative history and was given effect by the regulations contemporaneously promulgated. It requires no discussion to show that such returns will not make against inequality or evasion unless the same interests are the beneficial owners in like proportions of substantially all of the stock of each of such corporations. *Alameda Investment Co.* v. *McLaughlin*, 28 F. (2d) 81. *Montana Mercantile Co.* v. *Rasmusson*, 28 F. (2d) 916. *Commissioner* v. *Adolph Hirsch & Co.*, 30 F. (2d) 645, 646. *Commissioner of Internal Revenue* v. *City Button Works*, 49 F. (2d) 705. \* \* \*

Cf. also *Commissioner* v. *Gong Bell Mfg. Co.*, 48 Fed. (2d) 205; certiorari denied, 52 Sup. Ct. 125.

Obviously the conditions existing with respect to the ownership of the voting stock of the petitioner and Farr's Clothes, Inc., in 1926 do not meet the test laid down by the Supreme Court for affiliation. Cerney, not being a stockholder in Farr's Clothes, Inc., would neither have benefited by a gain nor shared a loss of that company. See also *East Jersey Lumber & Timber Co.*, 24 B. T. A. 1047; *J. P. Burton Coal Co.*, 24 B. T. A. 1052.

What we said in that case applies with equal force here. The petitioner's employees, who owned from 5.18 per cent to 12.79 per cent of its stock during the years before us, did not own any stock in F. W. & M. L. Bell, Inc. It is clear, therefore, that they would not have been benefited by a profit nor have shared a loss of that company. The respondent's action, in determining that the petitioner and F. W. & M. L. Bell, Inc., were not affiliated during 1926, 1927 and 1928, is sustained.

*Judgment will be entered for the respondent.*