### C. PARDEE WORKS v. DUFFY, Collector of Internal Revenue.

No. 2976.

District Court, D. New Jersey.

Oct. 4, 1932.

Wall, Haight, Carey & Hartpence, of Jersey City, N. J. (Matthew C. Fleming and James R. Sloane, both of New York City, of counsel), for plaintiff.

Phillip Forman, U. S. Atty., of Trenton, N. J., and Isador S. Worth, Asst. U. S. Atty., of Riverside, N. J. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, Wright Matthews and Warren W. Cole, Sp. Attys., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for defendant.

AVIS, District Judge.

The plaintiff brought suit against the defendant to recover claimed overpayments of income and excess profits tax for the year 1917.

The parties, by stipulation duly filed, have waived a trial by jury, and submitted the case to the court without the intervention of a jury.

The facts have been submitted by stipulation and deposition, which show, generally, that the plaintiff, Blackwood Coal & Coke Company, Blackwood Land Company, Roaring Fork Railroad Company, Pardee Company, and Chestine Land Corporation, each submitted for the year 1917 tax returns upon

tax of $1,604.28, together with $773.21 interest, a total of $2,377.49.

After these payments had been made, and in the year 1921, before the enactment of the 1921 Revenue Act, the Commissioner of Internal Revenue ruled that the aforesaid corporations were affiliated during the year 1917, to such an extent as to require them to file a consolidated return, and to pay taxes in accordance therewith.

The various corporations thereupon filed a consolidated return, which showed a tax liability for the year 1917 of $473,112.18.

After the filing of the consolidated return, and the aforesaid corporations had signed the agreement of approval, claim for refund was duly filed, and subsequently, before the claim for refund was rejected, the Bureau of Internal Revenue reversed its ruling, and declared said corporations not affiliated during the year 1917, and consequently not entitled to file a consolidated return. The claim for refund was ultimately rejected, and this suit brought.

The amount claimed by the plaintiff in this suit is the difference between $635,297.32, actually paid, and the amount claimed as tax liability, under the consolidated return, to wit, $473,112.18, or the sum of $162,185.14, with interest from June 14, 1918, and, in addition, the sum paid by Blackwood Land Company, $2,377,49, with interest from April 13, 1929.

The ownership of the stock of the aforesaid corporations was, in 1917, as follows:

| Stockholder | C. Pardee Works | Blackwood Coal & Coke Co. | Blackwood Land Co. | Roaring Fork R. R. Co. | Pardee Co. | Chestine Land Corporation |
|---|---|---|---|---|---|---|
| C. Pardee (father) | 52.45% | 93.65% | 48.85% | 6.24% | 99.6% | 98.63% |
| Ario Pardee (son) | 7.45 | .63 | 6.39 | .07 | 0.1 | .23 |
| Alfred D. Pardee (son) | 5.00 | .63 | 6.39 | | | |
| Helen Pardee Foulke (daughter) | 5.00 | .63 | 6.39 | | | |
| Olive Pardee (daughter) | 5.00 | .63 | 6.39 | | | |
| Howard Pardee (son) | 5.00 | .63 | 6.39 | | | |
| Mary C. Pardee (wife) | 5.00 | 1.25 | | | | |
| Estelle Pardee Erdman (daughter) | 5.00 | .63 | 6.39 | | | |
| Alice Pardee Warden (daughter) | 5.00 | .63 | 6.39 | | | |
| C. Pardee, Jr. (son) | 5.00 | .63 | 6.39 | .07 | 0.1 | .23 |
| Qualifying shares held by employees, lawyers, etc. | 0.10 | .06 | .03 | .29 | 0.2 | .91 |
| Blackwood Coal & Coke Company | | | | 93.33 | | |
| Totals | 100% | 100% | 100% | 100% | 100% | 100% |

which the plaintiff paid to the defendant $577,516.92; and Blackwood Coal & Coke Company and Roaring Fork Railroad Company, filing a consolidated return, paid to the defendant $57,780.40, a total of $635,297.32.

The returns of the other corporations named did not show any tax due and owing, but subsequently the Blackwood Land Company was required by the collector to pay a

Briefs of all counsel, discussing fully the issues of fact and law, have been submitted and carefully read.

However, the only matter involved appears to be questions of law as applied to the admitted facts, and which have herein been briefly stated.

While counsel for the plaintiff complain as to the action of the Commissioner in re-

versing his decision, when it was found that the amount paid under the original returns was in excess of tax liability shown by the consolidated return, no legal argument is based upon this action, and apparently such contention would be ineffective.

Counsel for the plaintiff base its right to recover on the regulations of the Commissioner, under the Revenue Act of 1917, and the application of the statute of 1921 to taxes for 1917.

The applicable part of the regulations in question, known as Article 77 of Treasury Regulations 41, reads as follows: "For the purpose of this regulation two or more corporations will be deemed to be affiliated (1) when one such corporation owns directly or controls through closely affiliated interests or by a nominee or nominees, all or substantially all of the stock of the other or others, or when substantially all of the stock of two or more corporations is owned by the same individual or partnership, and both or all of such corporations are engaged in the same or a closely related business; or (2) when one such corporation (a) buys from or sells to another products or services at prices above or below the current market, thus effecting an artificial distribution of profits, or (b) in any way so arranges its financial relationships with another corporation as to assign to it a disproportionate share of net income or invested capital."

Congress, in the 1921 act, directed that the Revenue Act of 1917 (40 Stat. 300) should be construed under the terms of the act of 1921, so far as it affected the consolidated returns of affiliated domestic corporations made for the year 1917.

The right to make a consolidated return was specified in the 1921 act as follows: "(2) when substantially all the stock of two or more corporations * * * was owned by the same interests: Provided, That such corporations or partnerships were engaged in the same or a closely related business, or one corporation or partnership bought from or sold to another corporation or partnership products or services at prices above or below the current market, thus effecting an artificial distribution of profits, or one corporation or partnership in any way so arranged its financial relationships with another corporation or partnership as to assign to it a disproportionate share of net income or invested capital." 42 Stat. c. 136, pp. 227, 319, § 1331 (b), 26 USCA § 1067 (b).

In plaintiff's reply brief, it is conceded

that the right of plaintiff to recover depends upon its showing that:

"First: Was substantially all of the stock of all six corporations owned during the year 1917 by the same interests?

"Second: Were the intercorporate relations between the members of the group such as to meet the requirements of Regulations 41 Article 77 and of the 1921 Declaratory Act?"

It is necessary that plaintiff establish, to the satisfaction of the court, that its corporations come within both of these concessions.

Counsel for the defendant has cited the case of Handy & Harman v. Burnet, 284 U. S. 136, 52 S. Ct. 51, 76 L. Ed. 207, as controlling the first question necessary to be demonstrated by the plaintiff.

We may assume, I believe, that the language used in the 1921 act is now controlling as to Regulation 41, supplanting it, or else states, in other language, the principle of the regulation on this point.

Counsel for plaintiff claims that the result of the decision in Handy & Harman v. Burnet, supra, was on the point of the meaning of the word "control," which does not appear in the regulations or the act of 1921. The language of the 1921 act, on this point, is as follows: "When substantially all the stock of two or more corporations * * * was owned by the same interests."

Compared with this is the language of the 1918 act, under which the above case was decided: "If substantially all the stock of two or more corporations is owned or controlled by the same interests." (Italics mine.) 40 Stat. c. 18, pp. 1057, 1081, 1082, § 240 (b).

The language is substantially the same, except the insertion of the words "or controlled."

The act of 1918 adds these words, and under that law the taxpayer may, and should, file consolidated returns, if the allied corporations come within either distinction, i. e., "owned" "or controlled," whereas, under the regulations and the act of 1921, the matter of control was not included. It extended the law, providing for two distinct conditions.

The decision in the case of Handy & Harman v. Burnet, supra, does not rest upon the question of control only. As I read the opinion, the court had disposed of both contentions; the first as to ownership, the second as to control. With relation to ownership, the court said: "The purpose of section 240 was, by means of consolidated returns, to require taxes to be levied according to the true net

income and invested capital resulting from and employed in a single business enterprise even though it was conducted by means of more than one corporation. Subsection (b) clearly reflects the intention, by means of such returns, to secure substantial equality as between shareholders who ultimately bear the burden. That intention is shown by the legislative history and was given effect by the regulations contemporaneously promulgated. It requires no discussion to show that such returns will not make against inequality or evasion unless the same interests are the beneficial owners in like proportions of substantially all of the stock of each of such corporations. Alameda Investment Co. v. McLaughlin (D. C.) 28 F.(2d) 81; Montana Mercantile Co. v. Rasmusson (D. C.) 28 F.(2d) 916; Commissioner v. Adolph Hirsch & Co. (C. C. A.) 30 F.(2d) 645, 646; Commissioner of Internal Revenue v. City Button Works (C. C. A.) 49 F.(2d) 705. Affiliation on any other basis would not make against inequality or evasion." Handy & Harman v. Burnet, 284 U. S. 140, 141, 52 S. Ct. 51, 52, 76 L. Ed. 207.

With relation to control the court said: "It would require very plain language to show that Congress intended to permit consolidated returns to depend on a basis so indefinite and uncertain as control of stock without title, beneficial ownership or legal means to enforce it. Control resting solely on acquiescence, the exigencies of business or other considerations having no binding force is not sufficient to satisfy the statute." Id., 284 U. S. page 141, 52 S. Ct. 51, 53, 76 L. Ed. 207.

The Supreme Court, as I construe its decision, having fully settled this much-discussed question, it does not seem necessary or advisable that I should attempt to discuss or analyze the various decisions presented by counsel, except to call attention to the cases cited in the above quotations, and which cases are approved by the Supreme Court.

The decision on this question against the plaintiff disposes of the action, because, to recover, the plaintiff must establish affirmatively to the satisfaction of the court both questions hereinbefore referred to. No opinion is expressed as to whether one corporation sold to another services above or below the current market, or whether any such arrangement assigned to any of the corporations a disproportionate share of net income or invested capital.

Finding the fact, as I do, that substantially all the stock of the corporations filing consolidated return was not owned by the same interests, and applying the law, as herein-

before stated, as laid down in the case of Handy & Harman v. Burnet, supra, the result is a verdict in favor of the defendant, and judgment may be entered accordingly.