## UNITED STATES v. LAKEWOOD ENGINEERING CO.

### No. 6442.

Circuit Court of Appeals, Sixth Circuit.
May 10, 1934.

J. H. McEvers, of Washington, D. C. (Frank J. Wideman, J. Louis Monarch, and Frederick W. Dewart, all of Washington, D. C., and E. B. Freed, of Cleveland, Ohio, on the brief), for the United States.

D. J. Shorb, of Washington, D. C. (Earle W. Wallick, of Washington, D. C., on the brief), for appellee.

Before HICKS and SIMONS, Circuit Judges, and TAYLOR, District Judge.

SIMONS, Circuit Judge.

The question presented on this appeal is whether in the case of affiliated corporations returning their income on the basis of a consolidated return, the parent corporation may deduct from net income its total loss on the sale of the stock of a subsidiary without reducing such loss by the amount of the operating loss of the subsidiary already claimed and allowed.

The Lakewood Engineering Company, appellee, is the taxpayer. It filed a consolidated income and excess profits tax return for the year 1918, including in the consolidation itself, the Lakewood Galion Company, and the Cameron Clay Products Company. The Cameron Company had an operating loss in 1918 of $70,338.99. This loss was deducted by the taxpayer in its final determination of net income in its consolidated return for that year. Before the end of the tax year, on December 28, 1918, the taxpayer sold all of the capital stock of the Cameron Company to an outsider for the sum of $40,000. At the time of the sale the taxpayer held notes receivable from the Cameron Company in the amount of $177,209.51 for advances previously made to it. The original cost of the Cameron Company stock was $40,000. In claiming the loss sustained by the sale of its Cameron Company stock, the taxpayer adopted as its cost base the purchase price of $40,000, plus the $177,209.51 which it had subsequently advanced. The respondent determined the tax liability by reducing the loss realized upon the sale by the amount of the operating loss of the Cameron Company, and found the net loss of the taxpayer to be the sum of $106,870.52. All the facts were stipulated, the case tried to the court without a jury, and judgment entered for the taxpayer in the full amount claimed.

Section 240 (a) of the Revenue Act of 1918 (40 Stat. 1081) provides that corporations which are affiliated within the meaning of the section, shall under regulations to be prescribed by the Commissioner, with the approval of the Secretary, make a consolidated return of net income and invested capital, and that taxes thereunder shall be computed and determined upon the basis of such return. Among the regulations promulgated under the Revenue Act of 1918 is Regulation 41, article 77, which provides that affiliated corporations must furnish information as to intercorporate relations. The purpose of section 240 (a) is set forth in Treasury Regulation 45, article 631, where it is said that consolidated returns are necessary in order that invested capital and net income of the entire group may be accurately determined, for otherwise opportunity would be afforded in some cases for the evasion of taxation by the shifting of income and charges among the units of the group, and in other cases excessive taxation might be imposed as a result of purely artificial conditions existing between corporations within a controlled group.

It is contended on the part of the Commissioner that the taxpayer is attempting to claim the same deduction twice, in reliance upon Burnet v. Riggs National Bank, 57 F. (2d) 980 (C. C. A. 4); Commissioner v. Apartment Corporation, 67 F.(2d) 3 (C. C. A. 4), and Hernandez v. Charles Ilfeld Company, 66 F.(2d) 236 (C. C. A. 10). The taxpayer denies that these cases are controlling on the ground that they all involve a loss sustained by a parent corporation upon the liquidation of a subsidiary where the operating losses of the subsidiary have been used as deductions in a consolidated return; that liquidation may properly be considered an inter-company transaction, while in the instant case there was not a liquidation, but a sale; that a sale is one transaction and the operations of the subsidiary something entirely different; that under the facts here it is not unreasonable to say that two distinct losses were sustained, one by the parent on the sale, and the other by the subsidiary in operation; that the deductibility of each loss in full is to be determined on the basis applicable to such respective losses as though sustained by independent corporations; and that so considered the deduction of both items is not a double deduction.

Notwithstanding the argument that each of the affiliated corporations is entitled to make the same deduction from net income under the law as it would if it had filed an independent return, and that the subsidiary having suffered an operating loss, and the parent corporation a loss in its investment in the stock of the subsidiary, each is entitled to deduct the full amount of such loss, and that the losses are in no way related, it is difficult to escape the conclusion that the deductions are duplicated. It is true that, if one company standing alone loses upon its investment, it is entitled to deduct its loss. It is equally true that, if the other, standing alone, has an operating loss, it returns no income, but its net loss is of no benefit to anyone as a deduction for the taxable year. The consolidation of returns, however, permits the employment of the subsidiary's loss as a deduction from the net income of the group for the taxable year in which the loss is sustained (Woolford Realty Co. v. Rose, Commissioner, 286 U. S. 319, 52 S. Ct. 568, 76 L. Ed. 1128), and so accrues to the benefit of the parent company in its computation of tax liability. The taxpayer here, however, computes its cost of the stock in the subsidiary by adding to the original purchase price the advances made to its affiliate without making any adjustment for the loss already deducted from income due to operations of its subsidiary, of which it has already had the benefit, and of which in the absence of affiliation it could not have availed itself.

The taxpayer, however, relies upon Remington-Rand, Inc., v. Commissioner, 33 F. (2d) 77 (C. C. A. 2), and United Publishers' Corporation v. Anderson, 42 F.(2d) 781 (D. C. N. Y.). In the former case it was held that the accumulated earnings of a subsidiary on stock sold to a parent company could not be added to the cost of the stock in determining taxable gain arising on the latter's sale to outsiders. In the latter the District Court of the Southern District of New York, conceiving that the same principle applies where loss is sustained by a subsidiary, held that the parent corporation filing a consolidated return could deduct the full amount of the loss upon a sale of the subsidiary's stock.

Whatever confusion may have been created by the Remington-Rand Case, or by the application of what was assumed to be the principle there announced to the facts in the Anderson Case, is now dispelled by the opinion of the Supreme Court in Ilfeld Company v. Hernandez, 54 S. Ct. 596, 78 L. Ed. ——, announced April 2, 1934, since argument here. In its opinion the Supreme Court held there was no good analogy between the two situations, and pointed out that, where all the members of an affiliated

group gain, total taxable income is the same on a consolidated return as upon separate ones, but, where subsidiaries lose and the parent gains, the losses of the former go in reduction of the taxable income of the latter, and that considerations that justify inclusion of the profits made by all the members do not support the double deduction claimed.

In so far as it may hereafter be urged upon us that the Ilfeld Case involves a liquidation of the subsidiary by the parent corporation and not a sale of the subsidiary's stock to outsiders, it may perhaps save continuance of the litigation to point out that no such distinction was recognized as important by the Supreme Court, and that the Anderson Case like the one at bar, involved a loss realized upon sale to outside persons and not an inter-company transaction. We conclude that the Ilfeld Case is controlling upon the issues here presented.

The judgment below is therefore reversed, and the case remanded for further proceedings consistent herewith.