McLAUGHLIN, COLLECTOR OF INTERNAL REVENUE, *v.* PACIFIC LUMBER CO.

No. 125. Argued November 12, 13, 1934.—Decided December 10, 1934.

---

[9] See letter of Jan. 12, 1922, by L. P. Gilbert, Jr., Under Secretary, to The Guaranty Trust Company.

352

*Solicitor General Biggs,* with whom *Assistant Attorney General Wideman* and *Messrs. Sewall Key* and *Joseph M. Jones* were on the brief, for petitioner.

*Mr. Claude R. Branch,* with whom *Messrs. F. D. Madison* and *Felix T. Smith* were on the brief, for respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Respondent brought this action, in the district court for northern California, to recover $143,122.23 it had paid as income tax for 1923. The complaint alleges facts upon which respondent claims to have been overassessed in that sum as a result of failure to take into account deductible losses. One loss ($479,625) resulted from the liquidation in 1923 of A. F. Thane & Company, a wholly owned subsidiary. The other ($953,134.49) was the indebtedness

of that company to respondent, ascertained to be worthless and charged off by the latter in that year. Petitioner's answer put in issue some, and admitted other, allegations of the complaint. The parties stipulated for trial by the court without a jury. The evidence consisted of an agreed statement of facts and the separate and consolidated tax returns for 1920 to 1923, inclusive, of respondent, Thane & Company, and Pacific Lumber Company of Illinois. At the close of the evidence each party moved for judgment. The court denied petitioner's motion, granted that of respondent and gave it judgment in the amount sued for with interest and costs. The Circuit Court of Appeals affirmed. 66 F. (2d) 895.

The allegations of the complaint admitted by the answer, the agreed statement and the tax returns show:

During 1918, A. F. Thane & Company had outstanding 600 shares of capital stock of the par value of $100 each; respondent owned 540, for which it had paid $31,500, and A. F. Thane owned 60. In 1920, the company increased its capital to 5,000 shares, respondent subscribed and paid to the company par value, $100 per share, for 3,960, and Thane took the remaining 440 shares. In 1921, respondent bought these shares for $52,125, and so became the owner of all, for which it had paid $479,625. At the close of 1923, Thane & Company was dissolved and its remaining assets were transferred to respondent. Between March 17, 1921, and the end of 1923, respondent had advanced to it and paid for its account large sums. After deducting the amount repaid plus the value of the assets transferred at liquidation, Thane & Company was indebted to respondent in the sum of $953,134.49. Before the end of 1923, respondent charged this off as a debt ascertained to be worthless in that year.

From 1920 to 1923, inclusive, respondent, Thane & Company and the Pacific Lumber Company of Illinois made separate income tax returns and also consolidated

returns as affiliated corporations. Their income taxes were paid on the latter basis. In each year respondent had a large net income and Thane & Company lost heavily; the Pacific Lumber Company of Illinois lost in the first and had relatively small net income in each of the other years.[1] Their separate returns for 1923 respectively showed net income of $1,379,494.78, net loss of $229,942.15, and net income of $8,809.83. The consolidated return reported net income of $1,158,362.46, on which respondent paid $144,795.31 as the total income tax. Upon examination and audit in the Bureau, a greater deduction was made for depreciation than was claimed in the return, overpayment was found in the amount of $1,673.08, and that was refunded.

Insisting that the losses here in question were deductible, respondent filed a claim for refund of the balance, $143,122.23. The letter of the deputy commissioner notifying it that the claim would be rejected stated that, since Thane & Company was affiliated with respondent and allowance was made, in computing consolidated net income, for all deductible losses sustained by the subsidiary during the several years, a further deduction reflect-

---

[1] The tabulation is:

|  | 1920 | 1921 | 1922 | 1923 |
|---|---|---|---|---|
| Pacific Lumber Company of Maine, Respondent | $2,262,959.39 | $379,624.88 | $1,266,450.51 | $1,379,494.78 |
| A. F. Thane & Company | *443,821.95 | *548,166.82 | *344,791.49 | *229,942.15 |
| Pacific Lumber Company of Illinois | *23,052.35 | 18,314.97 | 31,198.03 | 8,809.83 |
| Consolidated | 1,796,085.09 | *150,226.97 | 952,857.05 | 1,158,362.46 |

\* Net loss.

The consolidated net loss of $150,226.97 for 1921 was allowed as a deduction from the consolidated net income for 1922, resulting in a consolidated net income for the latter year of $802,630.08, upon which the tax was paid.

ing directly or indirectly the same losses was not allowable. And the claim was disallowed.

Petitioner's motion, at the close of the evidence, for judgment in his favor raised the question of law whether the evidence is sufficient to warrant judgment for respondent; and the trial court's decision of that question was reviewable in the Circuit Court of Appeals and is here for decision. *United States* v. *Jefferson Electric Co.,* 291 U. S. 386, 407.

Section 240 (a) of the Revenue Act of 1921 declares: " That corporations which are affiliated within the meaning of this section may . . . make separate returns or, under regulations prescribed . . . make a consolidated return of net income . . . in which case the taxes thereunder shall be computed and determined upon the basis of such return." 42 Stat. 227, 260. Treasury Regulations 62 provide: " Consolidated returns are based upon the principle of levying the tax according to the true net income and invested capital of a single enterprise . . . [Art. 631.] Subject . . . to the elimination of intercompany transactions . . . the consolidated taxable net income shall be the combined net income of the several corporations consolidated." Art. 636.

If not inconsistent with its obligation under the statute accurately to report taxable income for 1923, respondent may deduct the losses it sustained in that year as the result of its investment in the stock of Thane & Company and its advances to or for that company. *Burnet* v. *Aluminum Goods Co.,* 287 U. S. 544, 550. But a consolidated return must truly reflect taxable income of the unitary business, and consequently it may not be employed to enable the taxpayer to use more than once the same losses for reduction of income. Losses of Thane & Company that were subtracted from respondent's income are not directly or indirectly again deductible. *Handy & Har-*

*man* v. *Burnet*, 284 U. S. 136, 140. *United States* v. *Ludey*, 274 U. S. 295, 301. *Ilfeld Co.* v. *Hernandez*, 292 U. S. 62, 68. Respondent voluntarily paid the tax. When disallowing the claim for refund, the Bureau notified it that losses in 1923 reflecting other deductions would not be allowed. Presumably respondent had within its control the records showing facts that would fully disclose the relations between such losses and those reported in the returns of Thane & Company. The Circuit Court of Appeals states that there is no evidence of double deduction or any specific instance of such deduction. But that absence of proof does not support the judgment. Respondent had the affirmative of the issue, and the burden was on it to show that allowance of the deduction claimed would not amount to twice subtracting the same loss. That is an essential fact which cannot be assumed. Respondent may not rely on mere assertion or speculation. *Cochran* v. *United States*, 254 U. S. 387, 393. *Fidelity Title & Trust Co.* v. *United States*, 259 U. S. 304, 306. *United States* v. *Anderson*, 269 U. S. 422, 443. *Compañia General* v. *Collector*, 279 U. S. 306, 310. *United States* v. *Jefferson Electric Co., supra*, p. 400.

The evidence not only fails to establish that essential fact, but is little, if any, less than enough to show that the allowance of the deductions claimed would be a second use of the same losses. The details, given in the tabular statement printed in the margin of an earlier page of this opinion, show that the losses of Thane & Company, which operated through consolidated returns to reduce respondent's income taxed, amount in all to more than respondent's asserted 1923 losses and to more than its income taxed in that year. Thane & Company's statements attached to its separate tax returns show liabilities in excess of assets in each year of the affiliated period, increasing annually until, by the end of 1923, the deficit had become $1,453,134.49. Prior to 1920, Thane

& Company had outstanding only $60,000 of capital stock, 90 per cent. of which was acquired by respondent for less than par. During the affiliated period, its deductible losses amounted to more than three times its capital. While it is conceivable that, as suggested by respondent, the losses do not necessarily indicate that thereby Thane & Company became unable to pay its debts, the circumstances tend strongly to indicate that they did cause its breakdown, resulting in respondent's 1923 losses here claimed. If these losses did not cause, or are not reflected in, those sustained by respondent in 1923 as the result of its investment in and advances to that company, it reasonably may be presumed that respondent would have shown that fact.

The trial court should have granted petitioner's motion for judgment in his favor.

*Reversed.*