## COMMISSIONER OF INTERNAL REVENUE v. NATIONAL CASKET CO., Inc.

### No. 5691.

Circuit Court of Appeals, Third Circuit.

July 31, 1935.

A. F. Prescott, of Washington, D. C., Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Joseph M. Jones, Sp. Assts. to Atty. Gen., for petitioner.

James L. Dohr, of New York City (Richard T. Greene and Daniel S. Murphy, both of New York City, of counsel), for respondent.

Before BUFFINGTON and THOMPSON, Circuit Judges, and JOHNSON, District Judge.

THOMPSON, Circuit Judge.

This is a petition for review of a decision of the Board of Tax Appeals. In 1924, the respondent acquired all of the capital stock of Hornthal & Co., a subsidiary. In 1925, the subsidiary operated at a gain, but in 1926, 1927, and 1928, it sustained operating losses. Throughout the period of affiliation, the respondent filed consolidated income tax returns. In 1928, the respondent dissolved the subsidiary and took over its assets, applying part to repay itself for advances made to the subsidiary and the balance toward its investment in the capital stock of that company. In its 1928 income tax return, the respondent claimed a deductible loss of $105,355.07, incurred through its investment in the subsidiary. The Commissioner reduced the deductible loss to $4,995.70 and assessed a deficiency. The Board of Tax Appeals reversed the Commissioner in part, allowed a deductible loss of $48,087.67, and found that there was an overpayment for 1928. The Commissioner has taken this appeal. The following summary sets forth the methods used by the respondent, the Commissioner, and the Board of Tax Appeals, respectively, in arriving at the amount to be allowed the respondent as a deductible loss by reason of its investment in the subsidiary:

Calculation of Deductible Loss by:

Respondent

| | |
|---|---:|
| Paid by respondent for capital stock of Hornthal & Co.... | $163,515.29 |
| Advanced by respondent to Hornthal & Co. ........... | 485,551.26 |
| Total cost to respondent...... | $649,066.55 |
| Assets of Hornthal & Co. ..... | 543,711.48 |
| Investment loss claimed as deductible loss by respondent... | $105,355.07 |

Commissioner

| | |
|---|---:|
| Investment loss of respondent.. | $105,355.07 |
| Operating losses of Hornthal & Co. previously deducted by respondent in consolidated income tax returns for 1926, 1927 and 1928............ | 100,359.37 |
| Deductible loss allowed by Commissioner .......... | $ 4,995.70 |

Board of Tax Appeals

Operating loss of Hornthal & Co.

| | |
|---|---:|
| for 1926, previously deducted by respondent in consolidated income tax return...... | $ 10,993.44 |
| Operating loss of Hornthal & Co. for 1927, previously deducted by respondent in consolidated income tax return ....... | 78,087.51 |
| Operating loss of Hornthal & Co. for 1928, deducted by respondent in consolidated income tax return.. | 11,278.42 |
| Gross operating loss of Hornthal & Co. ............. | $100,359.37 |
| Profit of Hornthal & Co. for 1925..... | 43,091.97 |
| Net operating loss of Hornthal & Co...$ | 57,267.40 |
| Investment loss of respondent.. | $105,355.07 |
| Net operating loss of Hornthal & Co. ..................... | 57,267.40 |
| Deductible loss allowed by Board of Tax Appeals...... | $ 48,087.67 |

The Commissioner asserts error in that portion of the Board's ruling which allows the gross operating losses to be diminished by the profit reported by the respondent for the subsidiary in 1925, one of the years of affiliation. He relies upon the principle enunciated by the Supreme Court that, except where act and regulation so provide, double deduction of the same losses, first as subsidiary company losses in consolidated returns for earlier years, and again in stating the eventual loss to the parent company from its investment in the subsidiary, is not permissible. Ilfeld Co. v. Hernandez, 292 U. S. 62, 54 S. Ct. 596, 599, 78 L. Ed. 1127; McLaughlin v. Pacific Lumber Co., 293 U. S. 351, 55 S. Ct. 219, 79 L. Ed. 423. Compare Burnet v. Aluminum Goods Mfg. Co., 287 U. S. 544, 53 S. Ct. 227, 77 L. Ed. 484. We think none of those cases entirely dispositive of the issue in the instant case, inasmuch as in each of the cited cases the net operating losses of the subsidiary exceeded the liquidating losses of the parent company, so that, when the operating losses were set off against the liquidating

losses, there was no allowable deduction. There was therefore no need in those cases to determine whether profits of the subsidiary should be applied to diminish the gross operating losses. In spite of the absence of direct authority, we do have an indication as to the views of the Supreme Court on this issue. In Ilfeld Co. v. Hernandez, supra, the Supreme Court said: "Where all the members gain, total taxable income is the same on a consolidated return as upon separate ones. But where as in the case before us the subsidiaries lose and the parent gains, the losses of the former go in reduction of the taxable income of the latter. Considerations that justify inclusion of the profits made by all the members do not support the double deduction claimed."

We paraphrase this statement and apply it to the instant case: Where, in 1925, both the respondent and the subsidiary gained, the total taxable income was the same on the consolidated return as upon separate ones. Where, however, the subsidiary sustained losses and the respondent gained, the losses of the former went in reduction of the taxable income of the latter. The effect of this is that the respondent's tax burden remained the same in 1925, the year when the subsidiary gained, but was lessened in 1926, 1927, and 1928, the years when the subsidiary lost. In the instant case the respondent took credit in 1926, 1927, and 1928 for the gross operating losses sustained by the subsidiary and thereby reduced the income tax which it would have been obliged to pay on its own gross profits for the three years in question. The fact that an income tax was paid on the profit earned by the subsidiary in 1925 did not increase the income tax the respondent was obliged to pay on its own profit for that year. In our opinion, credit for the investment loss should be allowed only to the extent to which the investment loss exceeds the credit already taken by the respondent for the operating losses sustained by the subsidiary during the three years in question. In effect, what the Board did when it reduced the operating losses by the 1925 profit was to allow the respondent to take credit for a profit.

We conclude that the Board of Tax Appeals erred in so far as it allowed the operating losses of the subsidiary to be reduced by the profits of the subsidiary. The decision of the Board of Tax Appeals in that respect is reversed.