# GREIF COOPERAGE CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

## No. 5773.

### Circuit Court of Appeals, Third Circuit.

### July 10, 1936.

Henry J. Richardson, of Washington, D. C., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Berryman Green, and Norman D. Keller, Sp. Assts. to the Atty. Gen., for respondent.

Before DAVIS and THOMPSON, Circuit Judges, and FAKE, District Judge.

THOMPSON, Circuit Judge.

This is a petition for review of a decision of the Board of Tax Appeals. The petitioner was the parent and nonoperating company of an affiliation of twenty-three operating companies, among which were the Tuscaloosa Cooperage Company, hereinafter called Tuscaloosa, and the Sandpeeco Veneer Company, hereinafter called Sandpeeco. The petitioner acquired all of the stock of Tuscaloosa in July, 1920 at a cost of $113,100. It liquidated that company in 1925, received $35,539.97 as a liquidating dividend, and charged off $77,560.03 on its books as a loss. In August, 1920, the petitioner purchased all of the stock of Sandpeeco at a cost of $100,000 and liquidated that company in 1925. It charged off on its books its entire investment of $100,000. During the period of affiliation for which consolidated tax returns were filed, Sandpeeco's, Tuscaloosa's, and the petitioner's operating losses and taxable income were as follows:

### Sandpeeco Veneer Company

| Year | Net Loss | Taxable Income |
|---|---|---|
| 1920 | .......... | $16,070.24 |
| 1921 | $ 16,654.95 | ......... |
| 1922 | 22,114.17 | ......... |
| 1923 | 29,832.82 | ......... |
| 1924 | 26,494.40 | ......... |
| 1925 | 9,317.62 | ......... |
| Total | $104,413.96 | $16,070.24 |

### Tuscaloosa Cooperage Corporation

| Year | Net Loss | Taxable Income |
|---|---|---|
| 1920 | $ 2,274.73 | ......... |
| 1921 | 54,682.54 | ......... |
| 1922 | 35,167.19 | ......... |
| 1923 | .......... | $26,223.98 |
| 1924 | 11,412.98 | ......... |
| 1925 | 8,112.24 | ......... |
| Total | $111,649.68 | $26,223.98 |

### Greif Cooperage Corporation

| Year | Net Loss | Taxable Income |
|---|---|---|
| 1920 | .......... | ......... |
| 1921 | $ 37,712.50 | ......... |
| 1922 | .......... | $ 2,179.47 |
| 1923 | .......... | 2,356.64 |
| 1924 | 3,363.33 | ......... |
| 1925 | 33,782.50 | ......... |
| Total | $ 74,858.33 | $ 4,536.11 |

As will be seen from the Greif Cooperage tabulation, the petitioner had no taxable income of its own except for the years 1922 and 1923, and the income for those years was offset by the petitioner's 1921 operating losses. The affiliates, however, did return taxable income for all but the year 1921, as is shown by the following table:

Consolidated Net Income and Losses
(Exclusive of the Petitioner's Investment Losses)

| Year | Income | Loss |
|---|---|---|
| 1920 | $129,973.43 | ......... |
| 1921 | ......... | $43,952.50 |
| 1922 | 29,837.46 | ......... |
| 1923 | 603,958.25 | ......... |
| 1924 | 236,699.47 | ......... |
| 1925 | 581,569.88 | ......... |

The members of the affiliated group availed themselves of the operating losses of Sandpeeco and Tuscaloosa in reduction of their net income. In its 1925 consolidated income tax return the petitioner reduced the net income by $100,000 as a liquidating loss on the Sandpeeco investment and $77,-560.03 as a liquidating loss on the Tuscaloosa investment. The commissioner disallowed both deductions and determined a deficiency, which determination was sustained by the Board of Tax Appeals.

The law is well settled that liquidating losses such as those incurred by the petitioner in the instant case are not allowable if their allowance results either directly or indirectly in a double deduction by the taxpayer of the same losses. Ilfeld Co. v. Hernandez, 292 U.S. 62, 54 S.Ct. 596, 78 L.Ed. 1127; McLaughlin v. Lumber Co., 293 U.S. 351, 55 S.Ct. 219, 79 L.Ed. 423; Commissioner of Internal Rev. v. National Casket Co. (C.C.A.) 78 F.(2d) 940. The petitioner argues, however, that inasmuch as it personally had no taxable income during the period of affiliation against which the operating losses of the two subsidiaries could have been used as a deduction, it is not asking for a double deduction. This contention ignores the fact that the petitioner and its twenty-three affiliates made themselves a single taxing unit by electing to file consolidated tax returns, and that this taxing unit through the medium of some of the affiliates took advantage of the Sandpeeco and Tuscaloosa operating losses by a reduction of their taxable income. It is clear, therefore, that the petitioner received the benefits of the deduction, since its own income was entirely dependent on the surplus which the wholly owned subsidiaries acquired. Neither the unit nor the petitioner alone may repeat the deduction by taking an allowance for the investment loss.

The decision of the Board of Tax Appeals is affirmed.