John L. WARD and Richard De Tamble, Doing Business as The Flex-O-Tube Company, v. Irving COWLES and R. W. Lotz, Managing Directors and Successor Trustees under Trust Agreement Dated September 14, 1925, and under the Agreement of April 1, 1930.

No. 6307.

Circuit Court of Appeals, Seventh Circuit.

Oct. 5, 1937.

H. A. Toulmin, Jr., and R. A. Greer, both of Dayton, Ohio, and L. T. Barnett, of Chicago, Ill., for appellants.

R. W. Lotz and Arthur Wm. Nelson, both of Chicago, Ill., and Edward G. De-Gree, of Detroit, Mich., for appellees.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

PER CURIAM.

The appellants in this cause have filed a motion for an order providing for the withdrawal and dismissal of this appeal and have set forth in their motion certain grounds for same. The appellees have filed suggestions in which it is stated that appellees have no objection to the dismissal of this appeal, but object to the appeal being dismissed on the grounds set forth in appellants' motion. On consideration whereof, it is now ordered, adjudged, and decreed by this court that this appeal be, and the same is hereby, dismissed, with costs, without regard to the grounds set forth in appellants' motion to dismiss said appeal.

Jonas WEIL, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.

·No. 7141.

Circuit Court of Appeals, Sixth Circuit.

Nov. 11, 1937.

A. Shelby Winstead and Charles I. Dawson, both of Louisville, Ky., for petitioner.

Frank J. Wideman, Robert H. Jackson, Sewall Key, Arthur W. Carnduff, James W. Morris, and John G. Remey, all of Washington, D. C., for respondent.

Before SIMONS and ALLEN, Circuit Judges, and DRUFFEL, District Judge.

PER CURIAM.

Affirmed on authority of Southern Abstract & Loan Co. v. Commissioner, 72 F. 2d 130 (C.C.A.6). See, also, Massachusetts Mutual Life Ins. Co. v. United States, 288 U.S. 269, 273, 53 S.Ct. 337, 77 L.Ed. 739; Moran v. Commissioner, 67 F.2d 601, (C.C.A.1); Commissioner v. Moore, 48 F. 2d 526, for principles applicable. There was no error in refusing to receive amended return, since proofs thereunder, if made, would result in duplication of deductions. It is so ordered.