## FIRST NAT. BEN. SOC. v. STUART, Collector of Internal Revenue.
### No. 11039.

Circuit Court of Appeals, Ninth Circuit.
Dec. 11, 1945.
Rehearing Denied Jan. 11, 1946.

Robert R. Weaver, of Phoenix, Ariz., and Earl Blodgett, of Los Angeles, Cal., for appellant.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Helen R. Carloss, A. Barr Comstock, and James P. Garland, Sp. Assts. to Atty. Gen., and Frank E. Flynn, U. S. Atty., of Phoenix, Ariz., for appellee.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

For the calendar year 1938, appellant filed an income tax return which disclosed no income nor any income tax liability. The Commissioner of Internal Revenue determined that appellant was a mutual insurance company (other than a life insurance company) within the meaning of .§ 207(a) of the Revenue Act of 1938,[1] 26 U.S.C.A. Int. Rev.Acts, p. 1092, and hence was taxable

---

[1] Section 207(a) provides: "There shall be levied, collected, and paid for each tax-able year upon the special class net income of every mutual insurance company (other

under that section, and that it had special class net income of $10,139.48 in 1938 and hence owed a tax of $1,673.01 (16½% of $10,139.48). The tax was assessed by the Commissioner and was collected by appellee, Collector of Internal Revenue for the District of Arizona. A claim for refund was duly filed with the Commissioner. No decision thereon having been rendered within six months from the date of such filing, appellant brought a suit against appellee for the recovery of the tax.[2] Appellee answered, trial was had, findings of fact and conclusions of law were stated, and judgment was entered in favor of appellee. From that judgment this appeal is prosecuted.

■■■ Appellant alleged, in substance and effect, that it was a life insurance company within the meaning of § 201(a) of the Revenue Act of 1938,[3] 26 U.S.C.A. Int. Rev.Acts, p. 1087, and hence was not taxable under § 207(a). Appellee denied that appellant was a life insurance company within the meaning of § 201(a). On this issue, appellant had the burden of proof.[4] Thus appellant had the burden of proving that it was engaged in the business of issuing life insurance and annuity contracts, and that its reserve funds held for the fulfillment of such contracts comprised more than 50% of its total reserve funds.[5] The burden was not sustained. The court properly concluded that appellant was not a life insurance company within the meaning of § 201(a).[6]

■■■ Appellant alleged, in substance and effect, that, if taxable under § 207(a), it was entitled to a deduction under § 207(c) (3) of the Revenue Act of 1938,[7] 26 U.S. C.A. Int.Rev.Acts, pp. 1092, 1093. Appellee denied that appellant was entitled to any such deduction. On this issue, appellant had the burden of proof.[8] Thus appellant had the burden of proving that its members were required to make premium deposits to provide for losses and expenses, and that some amount thereof was returned to its policyholders or was retained for the payment of losses, expenses, and reinsurance reserves.[9] The burden was not sustained. The court properly concluded that appellant was not entitled to a deduction under § 207(c) (3).

Judgment affirmed.

than a life insurance company) a tax equal to 16½ per centum thereof." For the meaning of the term "special class net income," see § 14(a) of the Revenue Act of 1938, 26 U.S.C.A.Int.Rev.Acts, p. 1006.

[2] 26 U.S.C.A. Int.Rev.Code, § 3772.

[3] Section 201(a) provides: "When used in this title [§§ 1-373 of the Revenue Act of 1938, 26 U.S.C.A. Int.Rev.Acts, pp. 1001-1129] the term 'life insurance company' means an insurance company engaged in the business of issuing life insurance and annuity contracts (including contracts of combined life, health, and accident insurance), the reserve funds of which held for the fulfillment of such contracts comprise more than 50 per centum of its total reserve funds."

[4] United States v. Anderson, 269 U.S. 422, 46 S.Ct. 131, 70 L.Ed. 347; United States v. Mitchell, 271 U.S. 9, 46 S.Ct. 418, 70 L.Ed. 799; Botany Worsted Mills v. United States, 278 U.S. 282, 49 S.Ct. 129, 73 L.Ed. 379; Reinecke v. Spalding, 280 U.S. 227, 50 S.Ct. 96, 74 L.Ed. 385; McLaughlin v. Pacific Lumber Co., 293 U.S. 351, 55 S.Ct. 219, 79 L.Ed. 423; Welch v. St. Helens Petroleum Co., 9 Cir., 78 F.2d 631; Obispo Oil Co. v. Welch, 9 Cir., 85 F.2d 860; Parrott Estate Co. v.

McLaughlin, 9 Cir., 89 F.2d 188, 189; Maloney v. Western Cooperage Co., 9 Cir., 103 F.2d 992; United States v. Trust No. B.I. 35, 9 Cir., 107 F.2d 22; Powell v. United States, 9 Cir., 123 F.2d 472; Cranson v. United States, 9 Cir., 146 F.2d 871.

[5] See footnote 3.

[6] Cf. First National Benefit Society v. Stuart, 9 Cir., 134 F.2d 438.

[7] Section 207(c) provides:

"(c) Deductions.—In addition to the deductions allowed to corporations by section 23 the following deductions to insurance companies shall also be allowed, unless otherwise allowed—* * *

"(3) Mutual insurance companies other than life and marine.—In the case of mutual insurance companies (including interinsurers and reciprocal underwriters, but not including mutual life or mutual marine insurance companies) requiring their members to make premium deposits to provide for losses and expenses, the amount of premium deposits returned to their policyholders and the amount of premium deposits retained for the payment of losses, expenses, and reinsurance reserves."

[8] See cases cited in footnote 4.

[9] See footnote 7.